# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>Rebecca L Miles,<br>    Debtor ,<br>Joseph A Trunfio,<br>    Joint Debtor.<br><br>U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as trustee, on behalf of the holders of the CSFB Mortgage Pass-Through Certificates, Series 2005-CF1,<br>    Movant.<br>        v.<br>Rebecca L Miles,<br>    Debtor/Respondent,<br>Joseph A Trunfio,<br>    Debtor/Respondent,<br>KENNETH E. WEST,<br>    Trustee/Additional Respondent. | Bankruptcy No. 25-10702-djb<br><br>Chapter 13<br><br>Hearing Date: July 17, 2025<br>Hearing Time: 11:00AM<br>Location: Courtroom 2, Robert N.C. Nix Sr. Federal Courthouse<br>900 Market Street, Suite 201<br>Philadelphia, PA 19107 |

**MOTION OF U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE CSFB MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-CF1 FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE CSFB MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-CF1 TO FORECLOSE ON 338 AUSTIN DRIVE, FALLS TOWNSHIP, PENNSYLVANIA 19030**

U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as trustee, on behalf of the holders of the CSFB Mortgage Pass-Through Certificates, Series 2005-CF1 ("Movant"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) of the United States Bankruptcy Code ("Code") for a

modification of the automatic stay provisions of the Code for cause, and, in support thereof, states the following:

1. Debtor(s) Rebecca L Miles and Joseph A Trunfio, filed a Voluntary Petition pursuant to Chapter 13 of the ("Code") on February 21, 2025.

2. Jurisdiction of this cause is granted to the United States Bankruptcy Court ("Court") pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On July 26, 2004, Joseph A. Trunfio executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $212,850.00 in favor of Weichert Financial Services. A true and correct copy of the Note is attached hereto as Exhibit "A".

4. The Mortgage was recorded August 6, 2004 with Instrument Number 099830 of the Public Records of Bucks County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B".

5. The Mortgage was secured as a lien against the real property located at 338 AUSTIN DRIVE, FALLS TOWNSHIP, PENNSYLVANIA 19030, (the "Property").

6. The parties entered into a Loan Modification ("Agreement") on July 27, 2016, creating a new principal balance of $190,835.42. A true and correct copy of the Agreement is attached hereto as Exhibit "C".

7. The loan was last assigned to U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as trustee, on behalf of the holders of the CSFB Mortgage Pass-Through Certificates, Series 2005-CF1 and same recorded with the Bucks County Recorder of Deeds on June 13, 2024, at Instrument

Number 2024023417. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D".

8. Select Portfolio Servicing, Inc. is the servicer of the loan described in the Note and Mortgage and, as such, has the authority to initiate the instant action and any foreclosure on the Creditor's behalf.

9. Based upon the Debtor(s)' Chapter 13 Plan ("Plan") (at Docket No. 7), the Debtor intends to cure pre-petition payment arrears due Movant through the Chapter 13 Plan and remains responsible for remitting all post-petition payments directly to Movant. A true and correct copy of the Plan is attached hereto as Exhibit "E".

10. Debtor failed to make monthly payments of principal, interest, and escrow in the amount of $1,499.87 which came due on March 1, 2025, April 1, 2025 and May 1, 2025 respectively. See Exhibit "F".

11. Thus, Debtor(s)' post-petition arrears total $4,499.61 through May 31, 2025.

12. As of May 1, 2025, the unpaid principal balance due under the loan documents is $164,694.79. Movant's total claim amount, itemized below, is $194,856.36. See Exhibit "G".

| Principal Balance | $164,694.79 |
|---|---|
| Interest | $12,997.04 |
| Escrow Advance | $14,312.47 |
| Accum Late Charges | $176.75 |
| Recoverable Balance | $2,675.31 |
| Total to Payoff | $194,856.36 |

13. Debtor(s)' docketed schedules list the value of the Property as $305,707.00. A true and accurate copy of Debtor(s) Schedule A/B is attached hereto as Exhibit "H".

14. The subject Property is also encumbered by additional liens in the amount of $59,993.00.

15. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause", which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the automatic stay under Section 362(d)(1) is established where a debtor failed to make installment payments or payments due under a court-approved plan on a secured debt or where Debtor(s) have no assets or equity in the mortgaged Property.

16. As set forth herein, Debtor defaulted on the instant secured obligation by failing to tender monthly post-petition installment payments when they became due.

17. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successors and/or assigns to pursue its state court remedies, including the filing of an action in Mortgage Foreclosure, or if foreclosure is completed, immediately scheduling the Property for Sheriff Sale.

18. Further, once the automatic stay is terminated, Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral Property; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(4).

BALANCE OF THIS PAGE LEFT BLANK

**WHEREFORE**, Movant prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as trustee, on behalf of the holders of the CSFB Mortgage Pass-Through Certificates, Series 2005-CF1 to take any and all steps necessary to exercise any and all rights it may have in the collateral Property described herein, gain possession of said collateral Property, seek recovery of reasonable attorney fees and costs incurred in this proceeding, waive the 14-day stay imposed under Fed.R.Bankr.P. 4001(a)(4), and for any such further relief as this Honorable Court deems just and appropriate.

Dated:  June 12, 2025

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorneys for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/ Michelle L. McGowan
Michelle L. McGowan
Email: mimcgowan@raslg.com